**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

_____
                                                    )
**P.B., by and through his next friend,**      )
**CASSANDRA BERRY, et al.,**                )
                                                    )           **No. 10-cv-04049**
            **Plaintiffs,**                       )           **Section A (4)**
                                                    )           **Judge Zainey**
        **v.**                                     )           **Magistrate Judge Roby**
                                                    )
**PAUL PASTOREK, et al.,**                  )
                                                    )
            **Defendants.**                      )
_____)

**DEFENDANTS' ANSWER**

Defendants Paul Pastorek, Louisiana State Superintendent of Education (in his official capacity), the Louisiana Department of Education ("LDE"), and the Louisiana Board of Elementary and Secondary Education ("BESE") (collectively "Defendants") answer the allegations in plaintiffs' Complaint-Class Action as follows:

1.       The allegations in paragraph 1 characterize plaintiffs' claims in this action, to which no response is required.  To the extent a response is required, the allegations are denied.

2.       The allegations of paragraph 2 characterize a federal statute, which speaks for itself. Defendants deny the allegations to the extent they are in any way inconsistent with the statute,.

3.       The allegations of paragraph 2 characterize a federal statute, which speaks for itself. Defendants deny the allegations to the extent they are in any way inconsistent with the statute.

4.       The allegations of paragraph 4 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

5.      The allegations of paragraph 5 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

6.      The allegations of paragraph 6 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

7.      The allegations of paragraph 7 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

8.       The allegations of paragraph 8 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

9.      Defendants admit the plaintiffs are 10 school age children.  The remaining allegations of paragraph 9 characterize plaintiffs' claims in this case, to which no response is required.  To the extent a response is required, the allegations are denied.

10.      Defendants admit that 20 U.S.C. § 1415(i)(3)(A), 29 U.S.C. § 794, and 28 U.S.C. § 1331 provide a statutory basis for district court jurisdiction.

11.      The allegations of paragraph 11 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

12.      Defendants admit that venue in this district is proper.

13.       Defendants admit that  plaintiff P.B. is a 15 year old resident of New Orleans. Defendants lack sufficient knowledge and information to answer the remaining allegations in the first sentence of paragraph 13, and deny the allegations on that basis.  Defendants admit that P.B. began the 2010-11 school year enrolled in the 7th grade at Pierre Capdau Charter School, which is a local education agency ("LEA").  Defendants deny the remaining allegations in the second sentence of paragraph 13.  Defendants aver that P.B. is currently enrolled in the 8th grade at Sarah T. Reed high school.  Defendants admit that P.B. has been identified as a student with a

disability under Section 504 for bipolar disorder, oppositional defiant disorder, and Other

Academic/Learning Disability.  Defendants admit the allegations of the final sentence of

paragraph 13.  Except as specifically admitted, the allegations of paragraph 13 are denied.

14.     Defendants admit plaintiff D.B. is a resident of New Orleans.  Defendants admit that

he was nine years old when the Complaint was filed, and aver that he is now 10 years old.

Defendants lack sufficient knowledge and information to respond to the remaining allegations of

the first sentence of paragraph 14, and deny the allegations on that basis.  Defendants admit the

remaining allegations of paragraph 14.

15.     Defendants admit that plaintiff N.F. is a resident of New Orleans enrolled in the 4th

grade at the Lafayette Academy Charter School, which is an LEA.  Defendants admit that N.F.

was 9 years old when the Complaint was filed, and aver that that N.F. is now 10 years old.

Defendants admit the allegations in the second sentence of paragraph 15.  Defendants lack

sufficient knowledge and information to respond to the allegations in the third sentence of

paragraph 15, and deny the allegations on that basis.  Defendants admit the allegations in the

fourth and fifth sentences of paragraph 15.

16.     Defendants admit that plaintiff A.J. is a resident of New Orleans who was 10 years

old when the Complaint was filed.  Defendants aver that A.J. is now 11 years old.  Defendants

lack sufficient knowledge and information to respond to the allegations in the first sentence of

paragraph 16, and deny the allegations on that basis.  Defendants admit the remaining allegations

of paragraph 16.  Defendants aver that A.J.'s eligibility under Section 504 is for both ADHD and

dyslexia.

17.     Defendants admit that plaintiff T.J. is a 13 year old resident of New Orleans.

Defendants lack sufficient knowledge and information to respond to the remaining allegations in

the first sentence of paragraph 17 and deny the allegations on that basis.  Defendants deny the

allegations in the second sentence of paragraph 17.  Defendants admit that during the 2009-10

school year, T.J. was enrolled in the fourth grade at Fannie C. Williams Elementary School, a

public school operated by the RSD.  Defendants admit that .T.J. has not been identified as a

student eligible for services under IDEA or Section 504.  Defendants lack sufficient knowledge

and information to respond to the remaining allegations in the fourth sentence of paragraph 17

and deny the allegations on that basis.  Defendants admit the allegations in the fifth sentence of

paragraph 17. .

18.     Defendants admit that plaintiff K.J. is a 14-year old resident of New Orleans enrolled

in the 8th grade at Samuel J. Green Charter School, which is an LEA.  Defendants lack sufficient

knowledge and information to respond to the allegations in the second sentence of paragraph 18,

and deny the allegations on that basis.  Defendants admit the allegations in the third and fourth

sentence of paragraph 18.

19.     Defendants admit that plaintiff M.M. is a resident of New Orleans enrolled in the 2nd

grade at Benjamin Banneker Elementary School.  Defendants admit the M.M. was seven years

old on the date the Complaint was filed and aver that he is now nine years old.  Defendants admit

the allegations in the second sentence of paragraph 19.  Defendants lack sufficient knowledge

and information to respond to the allegations in the third sentence of paragraph 19, and deny the

allegations on that basis.  Defendants admit the allegations in the fourth sentence of paragraph 19.

20.     Defendants admit that plaintiff L.M. is a 15 year old resident of New Orleans.

Defendants lack sufficient knowledge and information to respond to the remaining allegations of

the first sentence and the allegations of the second sentence of paragraph 20, and deny the

allegations on that basis.  Defendants admit that L.M. is currently enrolled in the 9th grade at Sci

Academy Charter School, which is an LEA.  Defendants admit the allegations in the fourth sentence of paragraph 20, and aver that the Douglass Eighth Grade Academy is part of the Dr. Charles R. Drew Elementary School.  Defendants admit the allegations of the fifth and sixth sentences of paragraph 20.

21.     Defendants admit the allegations in the first sentence of paragraph 21.  Defendants admit that during the 2009-10 school year, D.T. was enrolled at Langston Hughes Academy Center.  Defendants lack sufficient knowledge and information to respond to the allegations of the third sentence of paragraph 20, and deny the allegations on that basis.  Defendants admit the allegations in the fourth and fifth sentence of paragraph 21.

22.     Defendants admit that plaintiff L.W. is a  resident of New Orleans.  Defendants deny that L. W. is sixteen years old and aver that he is 17 years old.  Defendants lack sufficient knowledge and information to respond to the remaining allegations of the first sentence and the allegations of the second sentence of paragraph 20 and deny the allegations on that basis. Defendants admit that L.W. is currently enrolled at KIPP Renaissance high school, a charter school..  Defendants admit that L.W. attended KIPP Believe College Prep, a charter school, and Douglass Eighth Grade Academy, a public school in the Recovery School District, during the 2009-10 school year.  Defendants deny the allegations of the fifth sentence of paragraph 22 and aver that, pursuant to June 10, 2010 evaluation, he is eligible for special education services under IDEA under the mental disability-mild exceptionality with a secondary exceptionality of Other Health Impairment-ADHD.  Defendants admit the allegations of the sixth sentence of paragraph 22

23.     Defendants admit the allegations of the first sentence of paragraph 23.  The remaining allegations of paragraph 23 characterize state statutory provisions, which speak for themselves.

5

Defendants deny the allegations to the extent they are in any way inconsistent with the cited statutes.

24.     The allegations of paragraph 24 characterize state and federal statutory provisions, which speak for themselves.  Defendants deny the allegations to the extent they are in any way inconsistent with the cited statutes.

25.     Defendants admit the allegations in the first sentence of paragraph 25.  The remaining allegations of paragraph 23 characterize state statutory provisions, which speak for themselves.  Defendants deny the allegations to the extent they are in any way inconsistent with the cited statutes.

26.     The allegations of paragraph 26 characterize plaintiffs' claims in this action, to which no response is required.  To the extent a  response is required, Defendants deny the allegations.

27.     The allegations of paragraph 27 state legal conclusions, to which no response is required.  To the extent a  response is required, Defendants deny the allegations.

28.     The allegations of paragraph 28 state legal conclusions, to which no response is required.  To the extent a  response is required, Defendants deny the allegations.

29.     The allegations of paragraph 29 state legal conclusions, to which no response is required.  To the extent a  response is required, Defendants deny the allegations.

30.     The allegations of paragraph 30 state legal conclusions, to which no response is required.  To the extent a  response is required, Defendants deny the allegations.

31.     The allegations of paragraph 31 state legal conclusions, to which no response is required.  To the extent a  response is required, Defendants deny the allegations.

32.     Defendants deny the allegations in the first sentence of paragraph 32.  Defendants admit that under the IDEA, special education services are administered by a LEA.  Defendants

admit that there are a number of LEAs in New Orleans and that there is not a single LEA that is responsible for administering special education services in New Orleans.  Except as specifically admitted, the allegations of paragraph 32 are denied.

33.     Defendants deny the allegations of the paragraph 33 as stated.  Defendants admit that the Recovery School District, which is administered by the Louisiana Department of Education ("LDE"), has the authority to assume control over certain low performing schools in the state. Defendants aver that RSD assumed control over five schools in New Orleans prior to Hurricane Katrina.  Defendants admit that after Hurricane Katrina, RSD assumed control over another 107 schools in New Orleans that had previously been run by the Orleans Parish School Board ("OPSB").  Defendants admit that OPSB presently consists of 17 schools, of which 12 are charter schools, and one early childhood education center.  Defendants further admit that a number of New Orleans schools operated by RSD subsequently became charter schools.  Except as specifically admitted, the allegations of paragraph 33 are denied.

34.     Defendants admit that the RSD currently operates 23 schools and has 46 affiliated charter schools.  Defendants admit that each of those charter schools is a separate LEA for the purposes of any special education funding or statutory definitions.  Defendants admit that the RSD is a LEA, the OPSB is a LEA, and each of the 46 charters affiliated with the RSD and three charters authorized by BESE is a LEA for the purposes of any special education funding or statutory definitions.  Defendants admit that a high percentage of public school students in Orleans Parish attend charter schools.  Defendants lack sufficient knowledge and information to respond to the remaining allegations in the fourth sentence of paragraph 34, and deny them on that basis.

7

35.     Defendants deny the allegations of the first sentence of paragraph 35 and aver that OPSB is the LEA for charter schools chartered by the OPSB.  Defendants deny the allegations of the second sentence of paragraph 35.  The allegations in the third sentence of paragraph 35 state a legal conclusion, to which no response is required.  To the extent a response is required, the allegations are denied.

36.     The allegations of paragraph 36 characterize federal statutory and regulatory provisions, which speak for themselves.  Defendants deny the allegations to the extent they are in any way inconsistent with the cited provisions.

37.     The allegations of paragraph 37 characterize federal statutory and regulatory provisions, which speak for themselves.  To the extent the allegations are inconsistent in any way with the cited provisions, they are denied.

38.     The allegations of paragraph 38 characterize federal statutory and regulatory provisions, which speak for themselves.  Defendants deny the allegations to the extent they are in any way inconsistent with the cited provisions.

39.     Defendants admit that LDE and the Board of Elementary and Secondary Education ("BESE") are the State Educational Agency ("SEA") for purposes of IDEA and are responsible for overseeing the provision of special education services in public and charter schools throughout Louisiana.  Defendants admit that there presently are 46 charters affiliated with the RSD and three charters authorized by BESE, each of which is a LEA for the purposes of any special education funding or statutory definitions, in New Orleans.  Defendants further admit that there are 23 public schools operated by the RSD and 12 charters and 4 public schools operated by OPSB in New Orleans.  Except as specifically admitted, the allegations of paragraph 39 are denied.

40.     The allegations of paragraph 40 characterize federal statutory and regulatory provisions, which speak for themselves.  Defendants deny the allegations to the extent they are in any way inconsistent with the cited provisions.

41.     The allegations of paragraph 41 characterize federal statutory and regulatory provisions, which speak for themselves.  Defendants deny the allegations to the extent they are in any way inconsistent with the cited provisions.

42.     The allegations of paragraph 42 characterize federal statutory provisions, which speak for themselves.  Defendants deny the allegations to the extent they are in any way inconsistent with the cited provisions.

43.     The allegations of paragraph 43 characterize federal statutory and regulatory provisions, which speak for themselves.  Defendants deny the allegations to the extent they are in any way inconsistent with the cited provisions.

44.     Defendants admit that the federal Department of Education monitors and enforces SEA and LEA compliance with Section 504 and other federal education statutes.  Except as specifically admitted, the allegations of paragraph 44 are denied.

45.     The allegations of paragraph 45 characterize a state statutory provision, which speaks for itself.  Defendants deny the allegations to the extent they are in any way inconsistent with the cited provisions.

46.     The allegations of paragraph 46 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

47.     Denied.

48.     The allegations in the first and second sentence of paragraph 48 are denied. Defendants admit that they have identified IDEA violations in the course of monitoring schools

in New Orleans, and aver that Defendants identified and monitored corrective action plans for such violations.  Defendants deny the allegations of the fourth sentence of paragraph 48.

49.     Defendants deny the allegations in the first sentence in paragraph 49.  The allegations of the second sentence in paragraph 49 state legal conclusions, to which no response is required.  To the extent a  response is required, the allegations are denied.

50.     Defendants lack sufficient knowledge and information to respond to the allegations in the first sentence of paragraph 50 and deny the allegations on that basis.  The second sentence in paragraph 50 quotes a statement purportedly found on the LDE website.  Defendants deny the allegations to the extent the quoted language is in any way inconsistent with the source material.

51.     Denied.

52.     Denied.

53.     Defendants deny the allegations in the first and second sentences of paragraph 53. Defendants lack sufficient knowledge and information to respond to the allegations in the third sentence of paragraph 53, and deny the allegations on that basis.  Defendants deny the allegations in the fourth sentence of paragraph 53.

54.     Defendants deny the allegations in the first sentence of paragraph 54.  The remaining allegations of paragraph 54 characterize the contents of an LDE publication, which speaks for itself.  Defendants deny the allegations to the extent they are in any way inconsistent with the LDE publication.

55.     Defendants deny the allegations of the first sentence of paragraph 55.  Defendants lack sufficient knowledge and information to respond to the allegations in the second sentence of paragraph 55, and deny the allegations on that basis.  Defendants admit that LDE granted Pierre

A. Capdau Charter School a three year charter extension in 2010, and deny the remaining allegations in the third sentence of paragraph 55.

56.     Defendants lack sufficient knowledge and information to respond to the allegations in the first, second and third sentences of paragraph 56, and deny the allegations on that basis. Defendants deny the allegations in the fourth sentence of paragraph 56 and aver that plaintiff P.B. is enrolled in the 8th grade at Sarah T. Reed high school.

57.     Defendants lack sufficient knowledge and information to respond to the allegations in the first, second, and third sentences of paragraph 57, and deny the allegations on that basis. Defendants deny the allegations in the fourth sentence of paragraph 57.

58.     Defendants admit that plaintiff N.F. has autism and a complete visual impairment and that plaintiff M.M. has acute cognitive delays and a seizure disorder.  Defendants lack sufficient knowledge and information to respond to the remaining allegations of paragraph 58, and deny the allegations on that basis.

59.     Defendants admit that M.M. uses a wheelchair.  Defendants lack sufficient knowledge and information to respond to the remaining allegations in the first sentence of paragraph 59, and deny the allegations on that basis.  Defendants admit that the Lafayette Academy Charter School is not wholly wheelchair accessible.  Except as specifically admitted, the allegations of paragraph 59 are denied.

60.     Defendants deny the allegations in the first sentences of paragraph 60.  The allegations in the second sentence of paragraph 60 characterize the contents of an LDE publication, which speaks for itself.  Defendants deny the allegations to the extent they are in any way inconsistent with the publication.  Defendants lack sufficient knowledge and information to

respond to the allegations in the third sentence of paragraph 60, and deny the allegations on that basis.  Defendants deny the allegations in the fifth sentences of paragraph 60.

61.     The allegations in the first, second and third sentences of paragraph 61 characterize the contents of the Educational Support System ("ESS") survey.  Defendants lack sufficient knowledge and information to asses the reliability and accuracy of the survey, and deny the allegations based thereon on that basis.  The allegations in the fourth sentence of paragraph 61 state a legal conclusion, to which no response is required.  To the extent a response is required, the allegations are denied.  The allegations in the fifth sentence of paragraph 61 characterize the contents of the ESS survey.  Defendants lack sufficient knowledge and information to asses the reliability and accuracy of the survey, and deny the allegations based thereon on that basis.

62.     The allegations of paragraph 62 quote language from the ESS survey, which states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

63.     Defendants deny the allegations in the first sentence of paragraph 63.  The allegations in the second and third sentences of paragraph 63 characterize the contents of the LDE's child find policy, which speaks for itself.  Defendants deny the allegations to the extent they are in any way inconsistent with the written policy.  Defendants deny the allegations in the fourth and fifth sentences of paragraph 63

64.     Defendants deny the allegations of paragraph  64.

65.     The allegations of paragraph 65 characterize the contents of a written BESE child find policy, which speaks for itself.  Defendants deny the allegations to the extent they are in any way inconsistent with the written policy.

12

66.     Defendants deny the allegations of paragraph 66.  Defendants aver that the New Orleans School Board carries out child find responsibilities city-wide for pre-school aged children (ages 3 to 5) and serves as the single point of entry for that purpose.  Defendants further aver that OPSB and RSD share responsibility for and collaborate on child find among homeless and migrant populations, and that OPBS carries out child find responsibilities for children enrolled in private schools.

67.     The allegations in the first and second sentences of paragraph 67 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.  Defendants lack sufficient knowledge and information to respond to the remaining allegations in paragraph 67, and deny the allegations on that basis.

68.     Defendants admit that P.B. is identified as eligible for services under Section 504, and aver that P.B.'s November 2009 evaluation found him to be eligible for services under Section 504 for bipolar disorder, oppositional defiant disorder and other academic/learning disability.  Defendants lack sufficient knowledge and information to respond to the allegations in the second sentence of paragraph 68, and deny the allegations on that basis.  Defendants deny the allegations in the third sentence of paragraph 68, and aver that P.B. is presently in the 8th grade at Sarah T. Reed high school.  The third sentence of paragraph 68 states legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

69.     Defendants admit the allegations of the first sentence of paragraph 69.  Defendants lack sufficient knowledge and information to respond to the allegations in the second and third sentences of paragraph 69, and deny the allegations on that basis.

70.     Defendants admit the allegations of the first sentence of paragraph 70.  Defendants lack sufficient knowledge and information to respond to the remaining allegations in paragraph 70 and deny the allegations on that basis.

71.     Defendants lack sufficient knowledge and information to respond to the allegations in paragraph 71, and deny the allegations on that basis.

72.     The allegations of paragraph 72 characterize federal statutes, which speak for themselves.  To the extent a response is required, the allegations are denied.

73.     The allegations of paragraph 73 characterize a federal statutory provision, which speaks for itself.  Defendants deny the allegations to the extent they are in any way inconsistent with the cited provision.

74.     The allegations of paragraph 74 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

75.     The allegations of paragraph 75 characterize a federal statutory provision, which speaks for itself.  Defendants deny the allegations to the extent they are in any way inconsistent with the cited provision.

76.     The allegations of paragraph 76 characterize federal statutory and regulatory provisions, which speak for themselves.  Defendants deny the allegations to the extent they are in any way inconsistent with the cited provisions.

77.     The allegations of paragraph 77 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

78.     Defendants deny the allegations in the first sentence of paragraph 78.  The remaining allegations in paragraph 78 characterize the contents of an LDE publication, which speaks for itself.

14

79.     The allegations of paragraph 79 characterize the contents of the ESS survey, which speaks for itself.

80.     Defendants deny the allegations in the first sentence of paragraph 80.  Defendants admit that in 2007-08, 94.6 percent of special education students in the 8th grade scored unsatisfactory on the LEAP assessment.  Defendants lack sufficient knowledge and information to respond to the allegations in the third sentence of paragraph 80 and deny the allegations on that basis.  Defendants admit that LDE reported that most of the disabled RSD students who failed the 8th grade LEAP were functioning from 2 to 7 grade levels below the 8th grade in math and reading.  Defendants aver that LDE further reported that the main reasons for the high number of failures was that many of the students were overage and lacked motivation to attend remediation opportunities and that attendance for these students was poor.

81.     Defendants admit that it monitors New Orleans public schools for IDEA compliance. Defendants deny the remaining allegations of paragraph 81.

82.     The allegations of paragraph 82 characterize the contents of the ESS survey, which speaks for itself.

83.     The allegations of paragraph 83 characterize the contents of the ESS survey, which speaks for itself.

84.     Defendants admit that LDE conducted focused monitoring of the RSD and of charter schools affiliated with RSD in February 2009.  Defendants admit the allegations in the second, third, and fourth sentences of paragraph 84.

85.     Defendants admit that when N.F. enrolled in school in New Orleans, he had an IEP that had been developed in Indiana.  Defendants deny the remaining allegations in the first sentence of paragraph 85.  Defendants lack sufficient knowledge and information to respond to

15

the allegations in the second, third, and fourth sentences of paragraph 85, and deny the allegations on that basis.

86.     Denied.  Defendants aver that D.B. is ten years old.  Defendants aver that D.B.'s current IEP dated September 20, 2010 indicates that as of August 2010 he was functioning at the third grade level in English Language Arts and in math, a significant improvement of approximately two grade levels from prior testing in 2009.  Defendants further aver that D.B.'s current IEP indicates that he is receiving counseling as a related service and that he has a Functional Behavior Assessment and a Behavior Intervention Plan in place.

87.     Defendants lack sufficient knowledge and information to respond to the allegations in the first, second, and third sentences of paragraph 87.  Defendants deny the allegations in the fourth sentence of paragraph 87 and aver that L.M. has been determined to be eligible for special education services under IDEA for Emotional Disturbance.  Defendants admit that L.M. has attended several public and charter schools in New Orleans.  Defendants deny the allegations in the sixth sentence of paragraph 87.  Defendants lack sufficient knowledge and information to respond to the allegations in the remaining allegations of paragraph 87 and deny the allegations on that basis.

88.     Defendants admit that L.W. is sixteen years old and that his current IEP, dated October 18, 2010, reports test results of 2.7 grade level in Broad Reading, 3.5 grade level in Broad Math, and 2.8 grade level in Written Language.  Defendants lack sufficient knowledge and information to respond t the allegations of the second, third, and fourth sentences of paragraph 88 and deny the allegations on that basis.  Defendants deny the allegations in the fifth sentence of paragraph 88 and aver that his current IEP, dated October 18, 2010, provides counseling services in addition to special education instruction.  Defendants admit that L.W.

struggles academically and experiences behavioral problems.  Except as specifically admitted, the allegations of paragraph 88 are denied.

89.     Denied.

90.     The allegations of paragraph 90 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

91.     The allegations of paragraph 91 characterize federal statutory provisions, which speak for themselves.  Defendants deny the allegations to the extent they are in any way inconsistent with the cited provisions.

92.     The allegations of paragraph 92 characterize a federal statutory provision, which speaks for itself.  Defendants deny the allegations to the extent they are in any way inconsistent with the cited provision.

93.     The allegations of paragraph 93 characterize a federal statutory provision, which speaks for itself.  Defendants deny the allegations to the extent they are in any way inconsistent with the cited provision.

94.     Defendants lack sufficient knowledge and information to respond to the allegations in the first and second sentence of paragraph 94 and deny the allegations on that basis. Defendants deny the allegations in the third sentence of paragraph 94.

95.     Defendants admit that for the 2008–09 school year the suspension rate for special education students in the RSD was 28.6%, compared to a state-wide rate of 16.4%.

96.     Defendants lack sufficient knowledge and information to respond to the allegations in the first sentence of paragraph 96 and deny the allegations on that basis.  Defendants admit that the Sojourner Truth Academy reported an out-of-school suspension rate of 53.8 percent of special education students and New Orleans College Prep reported an out-of-school suspension

17

rate of 52.2 percent of special education students during that school year.  Except as specifically admitted, the allegations of paragraph 96 are denied.

97.      Defendants admit that FirstLine Schools, which operates Samuel J. Green Charter School and the Arthur Ashe Charter School, reported an out-of-school suspension rate of 41.5 percent for special education students and a 30.6 rate for regular education students for the 2008– 09 school year.  Defendants admit that McDonogh 42 Elementary Charter School reported an out-of-school suspension rate of 38.5 percent for special education students and 20.5 percent for regular education students for the 2008–09 school year.  Defendants admit that Langston Hughes Academy Charter School reported an out-of-school suspension rate of 30.8 for special education students and a 12.3 percent for regular education students for the 2008–09 school year. Defendants admit that Lafayette Charter School reported an out-of-school suspension rate of 22.7 percent for special education students and 16.7 percent for regular education students for the 2008–09 school year.  Defendants deny the allegations in the final sentence in paragraph 97. Except as specifically admitted, the allegations of paragraph 97 are denied.

98.      The allegations of paragraph 98 characterize the contents of the ESS Survey, which speaks for itself.  Defendants have insufficient knowledge and information to evaluate the reliability and accuracy of the ESS survey, and deny the allegations on that basis.

99.      Defendants admit that LDE conducted monitoring visits in RSD-affiliated charter schools in March 2010 and identified three specific instances of non-compliance with respect to discipline of IDEA-eligible students.  Defendants lack sufficient knowledge and information to response to the allegations in the second and third sentences of paragraph 99.

100.    The allegations in the first sentence of paragraph 100 state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

18

The allegations of the second, third, fourth and fifth sentences of paragraph 100 characterize the contents of writings, which speak for themselves.  The allegations in the sixth sentence of paragraph 100 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

101.    The allegations in the first sentence of paragraph 101 state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied. Defendants lack sufficient knowledge and information to respond to the allegations in the second sentences of paragraph 101 and deny the allegations on that basis.  The remaining allegations of paragraph 101 characterize federal statutes and regulations, which speak for themselves.

102.    The first sentence of paragraph 102 characterizes the contents of a writing, which speaks for itself.  The allegations in the second and third sentences characterize federal statutes, which speak for themselves.  Defendants lack sufficient knowledge and information to respond to the allegations in the fourth sentence of paragraph 102 and deny the allegations on that basis.

103.    Defendants lack sufficient knowledge and information to respond to the allegations of paragraph 103, and deny the allegations on that basis.

104.    Defendants admit the allegation s of the first sentence of paragraph 104.  Defendants lack sufficient knowledge and information to respond to the remaining allegations of paragraph 104 and deny the allegations on that basis.

105.    Defendants lack sufficient knowledge and information to respond to the allegations of paragraph 105 and deny the allegations on that basis.

106.    Defendants admit the allegations in the first sentence of paragraph 106.  Defendants lack sufficient knowledge and information to respond to the allegations of the second sentence of paragraph 106 and deny the allegations on that basis.   Defendants admit that D.B. had nine days

of suspension in the 2009-10 school year.  Defendants deny the allegations of the third sentence in paragraph 106.  Defendants lack sufficient knowledge and information to respond to the allegations of in the fourth and fifth sentences of paragraph 106 and deny the allegations on that basis.  Except as specifically admitted, the allegations of paragraph 106 are denied.

107.    Defendants lack sufficient knowledge and information to respond to the allegations of paragraph 107 and deny the allegations on that basis.

108.    Defendants lack sufficient knowledge and information to respond to the allegations of paragraph 108 and deny the allegations on that basis.

109.    The allegations of paragraph 109 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

110.    Defendants admit that P.B. is fifteen years old and that he has been identified as a student with bipolar disorder and ADHD under Section 504.  Defendants aver that P.B. has also been determined to have oppositional defiant disorder.  Defendants admit that P.B. began the 2010-11 school year enrolled at Pierre A. Capdau Charter School.  Defendants lack sufficient knowledge and information to respond the remaining allegations in the second sentence of paragraph 110, and deny the allegations on that basis.  Defendants deny the allegations in the third sentence of paragraph 110 and aver that P.B. is enrolled in the 8th grade at Sarah T. Reed high school..

111.    The allegations in paragraph 111 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

112.    Defendants lack sufficient knowledge and information to respond to the allegations in the paragraph 112, and deny the allegations on that basis.

113.    The allegations in the first sentence of paragraph 113 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied. Defendants admit that P.B. has academic deficits.  Except as specifically admitted, the allegations of paragraph 113 are denied.

114.    Defendants lack sufficient knowledge and information to respond to the allegations in the paragraph 112, and deny the allegations on that basis.

115.    Defendants lack sufficient knowledge and information to respond to the allegations in paragraph 115, and deny the allegations on that basis.

116.    Defendants lack sufficient knowledge and information to respond to the allegations in paragraph 116, and deny the allegations on that basis.

117.    Defendants lack sufficient knowledge and information to respond to the allegations in the first, second and third sentences of paragraph 117, and deny the allegations on that basis. Defendants deny the allegations of the fourth sentence of paragraph 117 and aver that P.B. is presently enrolled in the 8th grade at Sarah T. Reed high school.

118.    The allegations of paragraph 118 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

119.    Defendants admit the allegations in the first and second sentences of paragraph 119. The third sentence of paragraph 119 states legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

120.    The allegations of paragraph 120 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

121.    Defendants lack sufficient knowledge and information to respond to the allegations in the paragraph 121, and deny the allegations on that basis.

21

122.    Defendants admit that K.J. has academic deficits and behavioral challenges.  Except as specifically admitted, the allegations of paragraph 122 are denied.

123.    Defendants lack sufficient knowledge and information to respond to the allegations in the paragraph 123, and deny the allegations on that basis.

124.    Defendants lack sufficient knowledge and information to respond to the allegations in the paragraph 124, and deny the allegations on that basis.

125.    The allegations of the first sentence in paragraph 125 state legal conclusions to which no response is required  To the extent a response is required, the allegations are denied. Defendants admit that K.J. repeated the 7th grade and scored an unsatisfactory on the iLEAP in English and Mathematics in March 2009.  Defendants deny the remaining allegations in the second sentence of paragraph 125.  Defendants deny that K.J. receives failing grades. Defendants deny the allegations in the third sentence of paragraph 125 and aver that recent testing indicates that K.J. has demonstrated progress in certain academic areas.  Defendants lack sufficient knowledge and information to respond to the fourth sentence in paragraph 125 and deny the allegations on that basis.

126.    The allegations of paragraph 126 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

127.    Defendants admit that A.J. is a 5th grader at Lagniappe Academy Charter School. Defendants admit that A.J. was 10 years old when the Complaint was filed.  Defendants aver that A.J. is now 11 years old.  Defendants admit the allegations of the second sentence.  Defendants aver that A.J. has also been determined to be eligible under Section 504 for dyslexia.  The allegations of the second sentence of paragraph 127 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

22

128.     Defendants lack sufficient knowledge and information to respond to the allegations in the first sentence of paragraph 128, and deny the allegations on that basis.  Defendants admit the allegations in the second sentence of paragraph 128.  Defendants deny the allegations in the third sentence of paragraph 128.  Defendants lack sufficient knowledge and information to respond to the allegations in the fourth sentence of paragraph 128, and deny the allegations on that basis.

129.     Defendants lack sufficient knowledge and information to respond to the allegations in paragraph 129, and deny the allegations on that basis.

130.     Defendants lack sufficient knowledge and information to respond to the allegations paragraph 130, and deny the allegations on that basis.

131.     Defendants lack sufficient knowledge and information to respond to the allegations in the first and second sentences of paragraph 131, and deny the allegations on that basis.  The third sentence of paragraph 131 states legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.  Defendants lack sufficient knowledge and information to respond to the allegations in the fourth sentence of paragraph 131, and deny the allegations on that basis.

132.     Defendants lack sufficient knowledge and information to respond to the allegations in the first sentence in paragraph 132, and deny the allegations on that basis.  Defendants admit that A.J. is not presently identified as eligible to receive services under IDEA.

133.     Defendants admit that T.J. is 13 years old.  The remaining allegations of the first sentence of paragraph 133 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendants deny the allegations in the second sentence of paragraph 133.   Defendants admit the allegations in the third sentence of paragraph 133.

23

134.    Defendants lack sufficient knowledge and information to respond to the allegations in the first, second, and third sentences of paragraph 134, and deny the allegations on that basis.

135.    Defendants lack sufficient knowledge and information to respond to the allegations in the first sentence of paragraph 135 and deny the allegations on that basis.   Defendants lack sufficient knowledge and information to respond to the allegations in the second, third and fourth sentences of paragraph 135 and deny the allegations on that basis.  Defendants admit that on or about April 1, 2010, T.J. was expelled from Fannie C. Williams Elementary School.  Defendants deny the allegations of the fifth sentence.

136.    Defendants lack sufficient knowledge and information to respond to the allegations in paragraph 136, and deny the allegations on that basis.

137.    Defendants admit the allegations in the first and second sentences of paragraph 137. The allegations in the third sentence of paragraph 137 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

138.    Defendants lack sufficient knowledge and information to respond to the allegations in paragraph 138 and deny the allegations on that basis.

139.    The allegations of paragraph 139 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

140.    Defendants lack sufficient knowledge and information to respond to the allegations in paragraph 140, and deny the allegations on that basis.

141.    The allegations of the first and second sentences of paragraph 141 characterize the contents of a writing, which speaks for itself. Defendants lack sufficient knowledge and information to respond to the allegations in the third sentence of paragraph 140, and deny the

allegations on that basis. Defendants aver that D.T. has a current Behavior Intervention Plan and only one documented suspension in the current school year.

142.    Defendants lack sufficient knowledge and information to respond to the allegations in paragraph 142, and deny the allegations on that basis.

143.    Defendants lack sufficient knowledge and information to respond to the allegations in the first, second and third sentences of paragraph 143, and deny the allegations on that basis. The fourth sentence of paragraph 143 state legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

144.    Defendants admit that N.F. was 9 years old when the Complaint was filed, and aver that that N.F. is now 10 years old. Defendants admit that N.F. is enrolled in the 4th grade at Lafayette Academy Charter School, that he has been identified as a student with multiple disabilities under IDEA, and that his disabilities are autism and total visual blindness.

145.    Defendants admit the allegations in paragraph 145.

146.    The allegations of the first sentence of 146 characterize a federal statute, which speaks for itself. Defendants deny the allegations to the extent they are in any way inconsistent with the cited statute. Defendants admit that N.F. was enrolled for a brief period at John Dibert Elementary School at the beginning of the 2009-10 school year. Defendants lack sufficient knowledge and information to respond to the remaining allegations of paragraph 146, and deny the allegations on the basis.

147.    Defendants lack sufficient knowledge and information to respond to the allegations in the first sentence of paragraph 147, and deny the allegations on that basis. Defendants admit that N.F. was enrolled at Coghill Elementary School for the majority of the 2009-10 school year. Defendants admit that Coghill Elementary prepared an IEP for N.F. that provided for

25

individualized support during the school day.  Defendants deny the allegations in the fifth

sentence of paragraph 147.  Except as specifically admitted, the allegations of paragraph 147 are

denied.

148.    Defendants deny the allegations in the first sentence of paragraph 148.  Defendants

lack sufficient knowledge and information to respond to the allegations in the second  sentence

of paragraph 148, and deny the allegations on that basis.  Defendants admit that due to N.F.'s

visual impairment, he needs orientation and mobility services.  Defendants lack sufficient

knowledge and information to respond the remaining allegations in the third sentence of

paragraph 148, and deny the allegation on that basis.  Defendants aver that N.F.'s current IEP

dated December 10, 2010 provides for several related services, including occupational therapy,

physical therapy, orientation and mobility services, and speech/language therapy.

149.    Defendants admit that N.F. has autism and total visual impairment.  Defendants admit

that M.M. is in the 2nd grade and has been determined to be eligible for special education for

Multiple Disabilities including a seizure disorder and Moderate Mental Disability.  Defendants

admit that M.M. attends Benjamin Banneker Elementary School and was 7 years old when the

Complaint was filed. Defendants aver that M.M. is now 8 years old.  Defendants admit that M.M.

has limited communication skills and limited mobility.  The allegations of the fourth sentence of

paragraph 149 state legal conclusions, to which no response is required.  To the extent a response

is required, the allegations are denied.

150.    Defendants lack sufficient knowledge and information to respond to the allegations in

paragraph 150, and deny the allegations on that basis.

151.    Defendants lack sufficient knowledge and information to respond to the allegations in

paragraph 151, and deny the allegations on that basis.

152.    Defendants admit that FirstLine Schools operates the Samuel J. Green Charter School and the Arthur Ashe Charter School.  Defendants lack sufficient knowledge and information to respond to the remaining allegations in paragraph 152 and deny the allegations on that basis.

153.    Defendants lack sufficient knowledge and information to respond to the allegations in paragraph 153, and deny the allegations on that basis.

154.    Defendants admit that Lafayette Academy Charter School is in a multi-story building that has limited wheelchair accessibility.  Defendants lack sufficient knowledge and information to respond to the remaining allegations in paragraph 154, and deny the allegations on that basis.

155.    Defendants admit that D. B. is a 4th grade student at Langston Hughes Academy Charter School.  Defendants admit that he was nine years old when the Complaint was filed, and aver that he is now 10 years old.  Defendants admit the allegations in the second sentence of paragraph 155.

156.    The allegations of paragraph 156 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

157.    Defendants admit that D.B. is functioning below grade level in the primary academic subjects.  Defendants deny the allegations in the second and third sentences of paragraph 157. Defendants aver that D.B.'s current IEP dated September 20, 2010 indicates that as of August 2010 he was functioning at the 3rd grade level in English Language Arts and in math, a significant improvement of approximately two grade levels from prior testing in 2009.  The allegations in the fourth sentence of paragraph 157 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

158.    The allegations in paragraph 158 characterize the contents of writings, which speak for themselves.

27

159.    Defendants lack sufficient knowledge and information to respond to the allegations in paragraph 159, and deny the allegations on that basis.

160.    Defendants lack sufficient knowledge and information to respond to the allegations in the first sentence of paragraph 160, and deny the allegations on that basis.  The second sentence of paragraph 160 states legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

161.    Defendants lack sufficient knowledge and information to respond to the first and second sentences of paragraph 161, and deny the allegations on that basis.  Defendants deny the allegations in the third sentence of paragraph 161 and aver that D.B.'s September 23, 2009 IEP provided 40 minutes per week of counseling as well as weekly speech/language therapy.  Defendants admit that D.B.'s September 20, 2010 IEP provides similar levels of both counseling and speech/language therapy.  The allegations of the fifth sentence of paragraph 161 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.  Except as specifically admitted, the allegations in paragraph 161 are denied.

162.    Defendants lack sufficient knowledge and information to respond to the allegations of paragraph 162, and deny the allegations on that basis.

163.    Defendants lack sufficient knowledge and information to respond to the allegations of paragraph 163, and deny the allegations on that basis.

164.    Defendants lack sufficient knowledge and information to respond to the allegations of paragraph 164, and deny the allegations on that basis.

165.    Defendants lack sufficient knowledge and information to respond to the allegations in the first sentence of paragraph 163, and deny the allegations on that basis.   The second sentence

of paragraph 165 states legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

166.    Admitted.

167.    The allegations of paragraph 167 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

168.    Defendants lack sufficient knowledge and information to respond to the allegations in paragraph 168, and deny the allegations on that basis.

169.    Defendants admit that L.M. was enrolled at Joseph Craig Elementary School during the 2008-09 school year.  Defendants admit that Mr. Joseph is L.M.'s legal guardian. Defendants lack sufficient knowledge and information to respond to the remaining allegations in the first and second sentences of paragraph 169, and deny the allegations on that basis.  The third sentence of paragraph 169 states legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

170.    Defendants lack sufficient knowledge and information to respond to the allegations in paragraph 170, and deny the allegations on that basis.

171.    Defendants lack sufficient knowledge and information to respond to the allegations in paragraph 171, and deny the allegations on that basis.

172.    Defendants lack sufficient knowledge and information to respond to the allegations in paragraph 172, and deny the allegations on that basis.

173.    Defendants lack sufficient knowledge and information to respond to the allegations in the first and second sentences of paragraph 173, and deny the allegations on that basis. Defendants admit that L.M. attended four schools during the 2009-10 school year.  Defendants deny the remaining allegations of the third sentence of paragraph 173.  Defendants lack

sufficient knowledge and information to respond to the remaining allegations in paragraph 173, and deny the allegations on that basis.

174.    Defendants admit that L.M.'s current IEP dated November 5, 2010 indicates that he is functioning between the 2nd and 3rd grade levels for reading and mathematics, which is similar to his prior levels.  Defendants aver that the November 5, 2010 IEP provides for substantially increased services to address his need for additional support, including daily special education instruction, daily individualized social work services, twice weekly counseling services and weekly speech/language therapy services.  Except as specifically admitted, the allegations of paragraph 174 are denied.

175.    Defendants admit that an IEP was prepared on May 21, 2010.  Defendants deny the remaining allegations of the first sentence of paragraph 175.  Defendants aver that a new evaluation of L.M. was completed on May 12, 2010.  Defendants admit that the May 21, 2010 IEP provided for one 30 minute session per week of speech/language therapy, counseling services, and social work services.  Defendants further aver that another IEP was prepared in November 5, 2010, which provides for substantially increased services to address his need for additional support, including daily special education instruction, daily individualized social work services, twice weekly counseling services and weekly speech/language therapy services. Except as specifically admitted, allegations of paragraph 175 are denied.

176.    Defendants admit that L.M.'s May 21, 2010 IEP includes a transition plan and aver that his November 5, 2010 IEP also includes a transition plan.  Defendants deny the remaining allegations in the first sentence of paragraph 176 and the allegations in the second and third sentences of paragraph 176.  The allegations of the fourth paragraph of paragraph 176 state legal

conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

177.    The allegations of the first sentence of paragraph 177 states legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied. Defendants lack sufficient knowledge and information to respond to the remaining allegations of paragraph 177, and deny the allegations on that basis.

178.    Defendants admit the allegations in the first sentence in paragraph 178.  Defendants admit that L.W. has been determined to be eligible for services under IDEA for Mild Mental Disability and Other Health Impairment-ADHD.  Except as specifically admitted, the allegations of paragraph 178 are denied.

179.    The first sentence of paragraph 179 states legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.  Defendants admit the allegations in the second sentence in paragraph 179.

180.    Defendants admit the allegations in paragraph 180.

181.    Defendants admit that KIPP Believe received a parental consent for an evaluation on or about August 28, 2009 and that the evaluation had not taken place by the time L.W. withdrew from KIPP Believe in January 2010.  Defendants lack sufficient knowledge and information to respond to the allegations in the second sentence of paragraph 181, and deny the allegations on that basis.

182.    Defendants admit the allegations in the first sentence of paragraph 182.  Defendants further admit that an evaluation was conducted on or about June 4, 2010, and that L.W.'s eligibility classification changed from Other Health Impairment to Mild Mental Disability and

Other Health Impairment.  Defendants deny the allegations of the third and fourth paragraphs of paragraph 182.

183.    The allegations in the first sentence of paragraph 183 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied. Defendants lack sufficient information to respond to the allegations in the second sentence of paragraph 183, and deny the allegations on that basis.

184.    Defendants deny the allegations in paragraph 184.  Defendants aver that L.W. has a Functional Behavior Assessment and a Behavior Intervention Plan in place.

185.    The allegations in the first sentence of paragraph 185 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied. Defendants admit that L.W.'s October 18, 2010 IEP states that L.W. was then functioning at the 2.8 grade level for broad reading and the 3.5 grade level in broad math.  Defendants further admit that L.W. has achieved unsatisfactory scores on his LEAP exams.  Defendants lack sufficient knowledge and information to respond to the remaining allegations in paragraph 185, and deny the allegations on that basis.

186.    Defendants lack sufficient knowledge and information to respond to the allegations in the first, second, and third paragraphs of paragraph 186, and deny the allegations on that basis. Defendants admit that L.W.'s October 18, 2010 IEP added 30 minutes of counseling per week as a related service in connection with a contemporaneous Functional Behavior Assessment and Behavior Intervention Plan.  Defendants lack sufficient knowledge and information to respond to the allegations in the fifth and sixth sentences of paragraph 186, and deny the allegations on that basis.

187.    Denied.

188.   Defendants incorporate by reference all the above stated responses to plaintiffs' allegations in answering the following claims:

189.   Denied.

190.   Denied.

191.   The allegations in paragraph 191 describe the relief requested on Count I, to which no response is required.  To the extent a response is required, the allegations are denied.

192.   Denied.

193.   Denied.

194.   The allegations in paragraph 194 describe the relief requested on Count II, to which no response is required.  To the extent a response is required, the allegations are denied.

195.   Denied.

196.   The allegations in paragraph 164 describe the relief requested on Count III, to which no response is required.  To the extent a response is required, the allegations are denied.

197.   The allegations in paragraph 197 state legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

198.   Defendants deny any and all allegations that are not expressly admitted.

Answering the "WHEREFORE" of the Prayer for Relief, Defendants deny that they are liable to plaintiffs or any putative class member in any manner whatsoever, and it denies each and every allegation of the paragraph separately and severally to the extent said allegations assert or imply any wrongdoing by Defendants.  Defendants further deny that plaintiffs or any putative class members are entitled to any relief set forth in subparagraphs 1 though 6.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' claims and the claims of any putative class members may be barred in whole or in part by failure to exhaust administrative remedies.

### Second Affirmative Defense

Plaintiffs' claims and the claims of any putative class members may be barred in whole or in part for failure to state a claim.

### Third Affirmative Defense

Plaintiffs' claims and the claims of any putative class members may be barred in whole or in part for lack of standing.

### Fourth Affirmative Defense

Plaintiffs' claims and the claims of any putative class members may be barred in whole or in part for lack of subject matter jurisdiction.

### Fifth Affirmative Defense

Plaintiffs' claims and the claims of any putative class members may be barred in whole or in part by the applicable statute of limitations or repose.

### Sixth Affirmative Defense

Plaintiffs' claims and the claims of any putative class members may be barred in whole or in part by the doctrine of res judicata, collateral estoppel, or claim preclusion.

### Seventh Affirmative Defense

Plaintiffs' claims and the claims of any putative class members are barred in whole or in part by the doctrines of unclean hands, estoppel, and/or waiver.

**Eighth Affirmative Defense**

Plaintiffs' claims and the claims of any putative class members may be barred in whole or in part by the doctrine of laches.

**Ninth Affirmative Defense**

Plaintiffs' claims and the claims of any putative class members may be barred in whole or in part on the ground that the parent/guardian lacks standing to bring claims on behalf of child.

**Tenth Affirmative Defense**

Plaintiffs' claims and the claims of any putative class members may be barred in whole or in part by the doctrine of mootness.

**Eleventh Affirmative Defense**

Plaintiffs' claims and the claims of any putative class members may be barred in whole or in part by sovereign immunity.

**Twelfth Affirmative Defense**

Plaintiffs' claims and the claims of any putative class members may be barred in whole or in part by qualified immunity.

**Thirteenth Affirmative Defense**

Plaintiffs' claims and the claims of the putative class members are barred to the extent plaintiffs and the putative class members did not sustain any actual or legally cognizable injury.

**Fourteenth Affirmative Defense**

Plaintiffs' claims and the claims of any putative class members are barred in whole or in part because they cannot satisfy all of the requirements for maintaining a class action under Fed. R. Civ. P. 23.

**Fifteenth Affirmative Defense**

Defendants hereby give notice that they intend to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserves the right to amend its Answer to assert any such defense.

WHEREFORE, having fully answered and defended, Defendants pray for judgment as follows:

A.    That plaintiffs take nothing by or under their Complaint;

B.    That no class be certified as to any of the claims made in plaintiffs' Complaint;

C.    That judgment be entered for Defendants and against plaintiffs on each and every claim set forth in plaintiffs' Complaint;

D.    That Defendants recover their costs of suit; and

E.    For such other and further relief as the Court deems just and proper.


Dated: May 10, 2011                          Respectfully Submitted,


                                             s/Maree F. Sneed
                                             Maree F. Sneed
                                             Audrey E. Moog
                                             HOGAN LOVELLS US LLP
                                             555 Thirteenth Street, N.W.
                                             Washington, D.C.  20004-1109
                                             Telephone:  202-637-5600
                                             Telecopier:  202-637-5910
                                             *Counsel for Defendants*

                                             Angelique Duhon Freel (#28561)
                                             Assistant Attorney General
                                             LOUISIANA DEPARTMENT OF JUSTICE
                                             P.O. Box 94005
                                             Baton Rouge, LA 70804-9005
                                             Telephone:  225-326-6029
                                             Telecopier:  225-326-6098

*Counsel for the Louisiana Board of Elementary and*
*Secondary Education*

Joan Ellen Hunt (#1428)
LOUISIANA DEPARTMENT OF EDUCATION
P.O. Box 94064
Baton Rouge, LA 70804-9064
Telephone:  225-342-3572
Telecopier:  225-342-1197
*Counsel for Paul Pastorek, in his official capacity*
*as the Louisiana State Superintendent of Education,*
*and the Louisiana Department of Education*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 10th day of May 2011, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system which gives notice of the filing to all counsel of record.  Counsel of record not registered with the CM/ECF system were served via other means.


    s/Maree F. Sneed
        Maree F. Sneed