THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| P.B., by and through his next friend, Cassandra Berry, et al.<br><br>                         Plaintiffs,<br><br>    vs.<br><br>PAUL PASTOREK, et al.,<br><br>                         Defendants. | Case No. 2:10-cv-04049<br>Hon. Jay C. Zainey |

## FIRST AMENDED JOINT CASE MANAGEMENT ORDER

The parties propose the following First Amended Joint Case Management Order for the Court's consideration:

**I.   INITIAL DISCLOSURES**

The parties shall exchange initial disclosures on June 15, 2011.

**II.   SCOPE OF DISCOVERY**

Discovery shall proceed as to all issues raised by Plaintiffs' Complaint.

**III.   SCHEDULE FOR DISCOVERY (ON ALL ISSUES) AND CLASS CERTIFICATION PROCEEDINGS**

| | |
|---|---|
| Defendants respond to Plaintiffs' initial requests for production | By June 10, 2011 |

*Document production will begin on July 17, 2011 and will be rolling.*

| | |
|---|---|
| Defendants' responsive brief on class certification and any supporting material, including expert affidavits or reports | By August 16, 2011 |
| Plaintiffs' reply brief on class certification and any supporting material, including expert affidavits or | September 23, 2011 |

| | |
|---|---|
| reports | |
| Parties exchange witness lists and exhibits for class certification hearing | By September 30, 2011 |
| Affirmative expert reports due (all other issues) | By October 28, 2011 |
| Status conference to discuss issues pertaining to the class certification hearing and to select a date for a trial of the merits | November 1, 2011 at 2:30 p.m. in chambers |
| Rebuttal expert reports due (all issues) | By November 18, 2011 |
| Class Certification hearing | November 30, 2011 at 10:00 am. (3 days allotted) |
| Expert depositions completed | December 9, 2011 |

## IV. DISCOVERY OF ELECTRONICALLY-STORED INFORMATION

The parties agree to produce their electronically stored information in accordance with the following technical specifications:

### A. PRODUCTION OF DOCUMENTS ORIGINATING AS PAPER

For documents that have originated in paper format, the following specifications should be used for their production.

1. Images should be produced as single page TIFF group IV format imaged at 300dpi.

2. Each filename must be unique and match the Bates number of the page. The filename should not contain any blank spaces and should be zero padded (for example ABC00000001).

3. Media may be delivered on CDs, DVDs or External USB hard drives. Each media volume should have its own unique name and a consistent naming convention (for example ZZZ001 or SMITH001).

    **4.**    Each delivery should be accompanied by an Opticon image link file (.OPT).

    **5.**    A delimited text file (.DAT) that contains available fielded data including, at a minimum, Beginning Bates Number, Ending Bates Number and Number of Pages should be provided. The delimiters for that file should be the standard Concordance delimiters.

        **a.**    The first line in the metadata load file should be a header containing field names.
        **b.**    Field separator – ASCII character 20
        **c.**    Field encapsulate – ASCII character 254
        **d.**    New line indicator – ASCII character 174
        **e.**    Date format – MM/DD/YYYY (denoting the date of TIFF conversion)
        **f.**    Multi-value separator – ASCII characters 59 32 (semi-colon space)

    **6.**    To the extent that documents have been run through an Optical Character Recognition (OCR) Software in the course of reviewing the documents for production, full text should also be delivered for each document. Text should be delivered on a document level and shall be included in the above mentioned .DAT file and an OCRTEXT field, or, separately in an appropriately formatted text file (.txt) that is named to match the first bates number of the document.

**B.**    **PRODUCTION OF EMAIL AND ELECTRONIC DOCUMENTS**

    **1.**    Electronic documents should be produced in such fashion as to identify the location (i.e., the network file folder, hard drive, back-up tape or other location) where the documents are stored and, where applicable, the natural person in whose possession they were found (or on whose hardware device they reside or are stored). If the storage location was a file share or work group folder, that should be specified as well.

    **2.**    Folder path information will be provided where available, but paths will be lost in instances where a user moves a file from their server share drive to the local drive, or where the file was copied to a CD by the user and given to counsel or where an Explorer file

3

        search was used to locate and export a file. These are all anomalies and not standard but they may happen in the instance where only one copy of a file is located. Documents that were collected without the use of search criteria may not include folder path information.

3. Attachments, enclosures, and/or exhibits to any parent documents should also be produced and proximately referenced to the respective parent documents containing the attachments, enclosures, and/or exhibits.

4. For standard documents, emails, and presentations originating in electronic form, documents should be produced as TIFF images using the same specifications above with the following requirements:

5. Provide a delimited text file (.DAT - using the delimiters detailed above) containing the extracted metadata fields listed below. Each field should eb provided so long as the field can be populated by automated means. IF a party becomes aware that certain fields are not able to be populated automatically, the party shall give the opposing party notice that the medatadata field will not be provided in each specific instance. The opposing party may request that the metadata field be populated manually in those instances:

    - Beginning Production Number
    - Ending Production Number
    - Beginning Attachment Range
    - Ending Attachment Range
    - Custodian
    - Original Location Path
    - Email Folder Path
    - Document Type
    - Author
    - File Name
    - File Size
    - MD5 Hash
    - Date Last Modified
    - Date Created
    - Date Last Accessed
    - Date Sent
    - Date Received
    - Recipients

4

- o Copyees
- o Blind Copyees
- o Email Subject
- o Path to Native File
- o Has_Dupes

**6.** The parties will de-duplicate custodian data across all custodians. For a given document retained through de-duplication, parties will supply the names of all Custodians whose original data set contained that duplicated document. This will be called HAS_DUPES.

**C. SPREADSHEETS AND STRUCTURED DATA**

**1. The parties are currently negotiating the form of production of spreadsheets and structured data.**

**D. TIME STANDARDIZATION**

All documents should be processed in Central Standard Time.

**V. CLAIMS OF PRIVILEGE / WORK PRODUCT / TRIAL PREPARATION MATERIALS**

The parties are continuing to negotiate the terms of a protective order that will address confidentiality and privilege issues.

**VI. DISCOVERY LIMITATIONS**

The parties agree to limit depositions to the default rule of ten (7 hour limit) depositions with the following modifications: (1) one 30(b)(6) deposition for each of the three defendants shall not count towards this total, (2) expert depositions shall not count towards this total, and (3) each party shall have the opportunity to depose any witness that the opposing party puts on its witness list to testify at any evidentiary hearing for a full one day (7 hour limit) deposition at least 2 weeks in advance of the anticipated testimony.

## VII.   ADDITIONAL ORDERS

The parties do not contemplate that the Court should issue any additional orders under Rules 26(c) or 16(b) and (c) at this time.

**SO ORDERED**

8/26/11

_____
The Honorable Jay Zainey

4896107v.1

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2011 a true and correct copy of the foregoing [Proposed] JOINT CASE MANAGEMENT ORDER was filed electronically. Notice of this filing will be sent by email to all parties by the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

Dated: August 25, 2011

/s/_____
Eden B. Heilman, La. Bar No. 30551
Southern Poverty Law Center
4431 Canal Street
New Orleans, Louisiana 70119
eden.heilman@splcenter.org
504-486-8982 (phone)
504-486-8947 (fax)