UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASSANDRA BERRY, ET AL.                                              CIVIL ACTION

VERSUS                                                                       NO. 10-4049

JOHN WHITE, ET AL.                                                   SECTION "A"(4)

## ORDER

The Consent Judgment entered in this case is at a critical juncture given that fall 2018 is the last initial monitoring cycle absent a legitimate basis to extend it consistent with the terms of the Consent Judgment. The Court is aware that the parties have continued to express concerns and informal objections to the monitors regarding their interpretations of the Consent Judgment in terms of "substantial compliance" determinations, the adequacy of corrective actions for sufficiently remedying noncompliance, and the duration for the achievement and maintenance of substantial compliance. All of these areas impact the criteria for termination of the Consent Judgment under its own terms.

The Court will allow the parties to be heard on these issues at the next status conference. But the parties should note that the Court, in consultation with the IM team, has endorsed the IM team's interpretations in all of these areas. The Consent Judgment itself defines the term "substantial compliance" and it does so not in accordance with an individual LEA's compliance with the IDEA but rather with the Defendants' compliance with the Consent Judgment itself. The Court declines the request to allow briefing based

1

on the Supreme Court's decision in *Endrew F. v. Douglas County School District*, 137 S. Ct. 988 (2017), because it does not pertain to the systemic claims that were brought against the State in this case. At this time, the Court is persuaded that the IM team has properly tethered its interpretations regarding substantial compliance to the terms of the Consent Judgment itself with due regard to the obligations imposed on the State under the IDEA. The individual LEAs are not parties to either this litigation or the Consent Judgment.

Regarding the exit criteria under § VIII(2) of the Consent Judgment, the Court is inclined to believe that the most reasonable interpretation of that section is that Defendants must first attain substantial compliance and then maintain it for two consecutive years.

At the request of the IM team as detailed in their July 8, 2018 email to the Court, the Court clarifies the following schedule of events pertaining to the two outstanding follow-up monitoring reports. At this time, the IM team anticipates circulating drafts of the two outstanding follow-up monitoring reports by July 25, 2018. The parties will follow the regular two-week comment process as outlined in the Consent Judgment. After the comment period, the IM team will file final versions of the two 2018 follow-up monitoring reports (citing all objections) by August 8, 2018. Once the outstanding reports are filed, the Court will schedule a status conference with the parties and the IM team jointly to address specific objections and concerns.[1] Prior to the conference the Court will invite

---

[1] The Court will endeavor to hold the status conference in the month of August but the setting will depend on the availability of counsel for the parties, the IM team, and the Court.

the parties to submit memoranda explaining the specific topics they wish to discuss at the status conference.

July 17, 2018

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE