UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASSANDRA BERRY, ET AL.                                CIVIL ACTION

VERSUS                                                 NO. 10-4049

JOHN WHITE, ET AL.                                     SECTION A(4)

**MINUTE ENTRY (JS-10: 60)**

On October 1, 2020, the Court held a status conference by telephone with the following counsel in attendance: Neil Ranu, Lauren Winkler, Sophia Mire Hill; Susan Fijman (Litigation Paralegal) for Plaintiffs; Maree Sneed, Joan Ellen Hunt, Chris Fruge, and Parris Taylor for the LDOE; Wayne Stewart for Orleans Parish School Board. Independent Monitors ("IMs") Dale Bailey and William Swindol also participated. The Court scheduled the conference call at the request of Defendants.

Defendants discussed the steps that they are taking to ensure that the needs of special needs students are being met during the COVID-19 pandemic.

Defendants also brought to the Court's attention that they anticipate achieving substantial compliance with their obligations under the Consent Judgment for a fourth year, which exceeds the time requirement imposed by the Consent Judgment. Defendants therefore are interested in an exit strategy so that this matter can be concluded and the Consent Judgment terminated.

The Court discussed its concerns with reactive versus proactive compliance over the last few years. As part of any motion to terminate the Consent Judgment, Defendants must include assurances acceptable to the Court as to what steps will be taken to ensure that the positive changes effected by the Consent Judgment remain in place going forward. The

1

plan of action going forward must be included as part of any motion to terminate the Consent Judgment.

Plaintiffs suggested that prior to Defendants filing a motion to terminate, the parties meet (whether in person, virtually, or telephonically) and reach some common ground on how proactivity versus reactivity can be achieved. The Court found this to be an excellent suggestion **and therefore made it an order of the Court**. Defendants suggested that Plaintiffs provide some suggestions for their view of what having solid, strong, internal monitoring in place would look like, and that they do so prior to meeting with the other parties. The Court found this to be an excellent suggestion **and therefore made it an order of the Court**. Counsel for the parties will determine what role the IMs will play and whether the IMs should participate in the meeting.

The Court thanks counsel and the Independent Monitors for their continued cooperation.

* * * * * * * *

*[Signature: Jay C. Zainey]*