IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| P.B., by and through his next friend, Cassandra Berry, *et al.*, Plaintiffs; | ) ) ) ) | Civil Case No. 2:10-cv-04049 Section A Judge Jay C. Zainey |
| v. | ) ) | Magistrate Judge Karen Wells Roby |
| CADE BRUMLEY, *et al.*, Defendants. | ) ) ) ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE PLAINTIFFS' OBJECTION TO REC. DOC. 440

Plaintiffs respectfully submit this Memorandum in support of their motion for leave to file Plaintiffs' objection to Rec. Doc. 440.

## Background

During a status conference on February 7, 2022, the court suggested moving forward with a "'probationary period' without monitoring by the Independent Monitor" for Defendants. Rec. Doc. 440 at 2. The minute entry for the February 7, 2022, status conference was recorded and filed as Rec. Doc. 440. The aforementioned "probationary period" is referenced and documented in Rec. Doc. 440. The Court allowed Parties to object to this proposal in writing.

On February 17, 2022, Plaintiffs emailed their four-page objection to Rec. Doc. 440 to the Court. Also, on February 17, 2022, Defendants Louisiana Department of Education emailed the Court its objection to the proposal in Rec. Doc. 440. Defendants Orleans Parish School Board did not object to the Court's proposal.

**Argument**

To ensure a complete and accurate record of this case, to achieve transparency, and to ensure plaintiff class members are kept abreast of the proceedings and posture of this case, Plaintiffs should be granted leave to file their objection to Rec. Doc. 440.

This Court ordered the parties to notify the court in writing whether they wish to move forward with the Court's suggestion of a probationary period. Rec. Doc. 440 at 2. Plaintiffs did notify the court in writing that they objected to the Court's proposal. To ensure that Plaintiffs' objection is accurately captured and that the record is complete, it must be entered on the record and filed with the court.

Additionally, transparency of court proceedings will allow plaintiff class members to remain updated on what is happening in this case. Plaintiffs' counsel have a duty to communicate updates to their clients, including class members. Louisiana Rules of Professional Conduct 1.4(a)(3). An accurate and transparent court record assists Plaintiffs' counsel in keeping class members updated. With Plaintiffs' objection on the record, Plaintiffs' counsel can more widely share the public document and reach more class members about the status of this case.

**Conclusion**

To ensure a complete, accurate, and transparent court record, it is imperative that Plaintiffs' objection to Rec. Doc. 440 be filed on the record. Plaintiffs respectfully request that the Court grant their motion for leave to file Plaintiffs' objection.

Dated: March 4, 2022

        Respectfully submitted,

        /s/ Lauren A. Winkler
        Lauren A. Winkler, LA Bar No. 39062 (T.A.)
        Sophia Mire Hill, LA Bar No. 36912
        **Southern Poverty Law Center**

201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170
Phone: (504) 486-8982
Facsimile: (504) 486-8947
lauren.winkler@splcenter.org
sophia.mire.hill@splcenter.org

Neil S. Ranu, LA Bar No. 34873
111 Veterans Boulevard, Suite 350A
Metairie, LA 70005
Phone: (504) 327-5300
nranu@hotmail.com

*Counsel for Plaintiffs and Settlement Class*