UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASSANDRA BERRY, ET AL.

CIVIL ACTION

VERSUS

NO. 10-4049

CADE BRUMLEY, ET AL.

SECTION "A"(4)

## ORDER AND REASONS

The following motion is before the Court: **Motion for a Court Reporter at the November 12-13, 2025 Hearing (Rec. Doc. 478)** filed by Plaintiffs. The defendants have not filed an opposition to the motion but they have informed the Court and Plaintiffs' counsel that they do oppose the motion. The motion, submitted for consideration on October 15, 2025, is before the Court on the briefs without oral argument.

Plaintiffs move the Court to have a court reporter present on November 12th and 13th when members of the plaintiff class are invited to an "informal hearing" where they will be allowed to directly address the Court to express their concerns with special education in the charter schools of Orleans Parish. Plaintiffs contend that 28 U.S.C. § 753(b)(2) mandates that a court reporter be present to record the hearing verbatim because it will take place in open court. If the Court disagrees, Plaintiffs offer to ensure that a court reporter is present at Plaintiffs' cost.

Title 28, § 753, entitled Reporters, states in relevant part that

> Each session of the court . . . shall be recorded verbatim . . . subject to regulations promulgated by the Judicial Conference and subject to the discretion and approval of the judge . . . Proceedings to be recorded under this section include (1) all proceedings in criminal cases had in open court; **(2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall agree specifically to the contrary**; and (3) such other proceedings as a judge of the court may direct or as may be required by rule or order of court [or] as may be requested by any party to the proceeding.

28 U.S.C. § 753(b) (emphasis added).

The Court is persuaded that the mandate of § 753(b) is not triggered by the "informal hearing" scheduled for November 12th and 13th (hereinafter "the IH"). Plaintiffs have ignored the important and

1

essential qualifier "informal" that the Court purposely used when scheduling the IH, (Rec. Doc. 476, Minute Entry 6/23/2025), and instead throughout their motion and memorandum in support they refer to it simply as a "hearing." But as the Court explains below, nothing is being "heard" at the IH.

The Court scheduled the IH during the June 23, 2025 chambers conference, which the Court convened with counsel to discuss the logistics of how best to handle Defendants' pending motion to terminate their obligations under the Consent Judgment (Rec. Doc. 466). The Court informed counsel that it anticipated granting the motion to terminate before the end of 2025. And because the Consent Judgment by its own terms sets the requirements that Defendants must satisfy in order to have it terminated, neither an evidentiary hearing nor oral argument would be necessary in conjunction with the Court's disposition of the motion to terminate. But the Court was and remains sensitive to the fact that that the Consent Judgment was entered in favor of a class of potentially vulnerable persons, so the Court offered to hold the IH so that any parents with children in the Orleans Parish charter school system could voice their concerns directly to the Court, whether those concerns relate to their child's specific situation or to the Consent Judgment or special education in the Orleans Parish charter schools generally.

The Court made clear to counsel present at the status conference that the IH would not be a "hearing" on Defendants' motion to terminate, and it would not involve taking evidence in support of or in opposition to the motion. The class members' comments to the Court will not constitute "testimony." Nothing will be adjudicated at the IH, and no party's rights will be determined as a result of anything that is said at the IH. The IH is simply a courtesy to the class members that the Consent Judgment was put in place to protect in anticipation of the Consent Judgment being terminated.

In its Minute Entry (Rec. Doc. 476) the Court used the coined term "informal hearing" in lieu of more casual and descriptive terms like "voicing their concerns" or "class gathering" or "group discussion" but nothing is being "heard" at the IH. The gathering is "informal" because none of the class members who speak will be required to take the witness stand and they will not be placed under oath. The class members will not be subject to cross examination. The Court declined to impose these formalities in order to make the courtroom environment (and use of the courtroom for the gathering is necessary due to space limitations in chambers) less intimidating and more comfortable for the parents who wish to speak out on behalf of their

children. And again, the class members' comments will not be "testimony." The Court is persuaded that the IH cannot be characterized as a proceeding being held in open court for purposes of § 753(b) solely because space limitations require the physical use of the courtroom to comfortably accommodate the anticipated number of attendees.

Moreover, because nothing is being adjudicated at the IH, and therefore no appeal rights will be implicated because of anything that takes place at the IH, there is no potential for prejudice to any party based on an incomplete record. This distinguishes the instant matter from the case cited by Plaintiffs, *Calhoun v. United States*, 384 F.2d 180 (5th Cir. 1967), which involved a criminal jury trial and the failure to transcribe closing arguments. Every other case that the Court's own research uncovered was similarly distinguishable.

Finally, the Court will not allow Plaintiffs' counsel to bring their own court reporter to the IH because the Court is persuaded that having the class members' comments transcribed will take away from the intended informality of the setting, and may inadvertently create a chilling effect as to Defendants and their counsel who would otherwise be willing to offer assistance in response to specific problems being experienced by class members.[1]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for a Court Reporter at the November 12-13, 2025 Hearing (Rec. Doc. 478)** filed by Plaintiffs is **DENIED.**[2]

November 4, 2025

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] Defendants and their counsel have been extraordinarily responsive when specific problems being experienced by individual class members have been brought to their attention. The Court has been especially appreciative throughout the years of Defendants' cooperation because this lawsuit and the Consent Judgment that grew out of it were directed at systemic deficiencies at the state level, not with specific plaintiff's issues that were never intended to be addressed on a class-wide basis.

[2] For the parties' convenience, the Court has attached a copy of its standard courtroom rules. Even though the IH is not a "court proceeding" the same rules of decorum will apply.



With the exception of deputy U. S. Marshals and Court Security Officers, all cell phones must be turned <u>OFF</u> before entering the courtroom.

Laptops may only be used for taking notes and displaying exhibits.

Audio and video recording, photography, broadcasting, or otherwise electronically capturing the content of any court proceeding is <u>strictly prohibited</u>.